## No. 13,619.

## CITY OF NEW ORLEANS VS. MRS. ALICE CHAPPUIS.

### SYLLABUS.

A house without the prescribed limits, as defined by ordinances of the city of New Orleans, which is being used for purposes of prostitution, may be pro- ceeded against and closed to such purposes and its occupants forced to re- move ; but whenever a house is denounced as one of ill-fame and notice to vacate is given, the occupant is entitled to raise and have tried the issue of the immoral use of the premises, or the character of the house, before con- viction for not moving can legally be made.

APPEAL from the Second Recorder's Court, City of New Orleans— Marmouget, J.

*Samuel L. Gilmore,* City Attorney, *Arthur McGuirk,* Assistant City Attorney, and *M. Dracos Dimitry.* Assistant City Attorney, for Plain- tiff, Appellee.

Defendant, Appellant, unrepresented by counsel in the Supreme Court.

The opinion of the court was delivered by

BLANCHARD, J. Defendant was proceeded against for violation of City Ordinance No. 13,032 as amended by Ordinance No. 13,485 Council Series. The time laid was July 2, 1900; the place, house No. 1021 Customhouse street.

The first section of the ordinance prescribes the limits within which, for the present, public prostitutes, or women notoriously abandoned to lewdness, may reside. To be more exact, it prescribes the limits *without* which they shall not reside and ply their vocation.

The second section makes it unlawful to rent or lease any house, building or room to any woman notoriously abandoned to lewdness, or for immoral purposes, outside of the limits prescribed in the first section.

The third section forbids abandoned women to stand upon the side- walks in front or near the premises they occupy, etc., or to accost persons passing by, or to stroll about the city streets indecently attired, or to behave in public in such way as to offend good morals, etc.

The fourth section makes it unlawful for lewd women to frequent bar-rooms, etc.

The fifth section makes it unlawful for any person to establish or conduct a house of prostitution or assignation without the limits prescribed in section one.

The sixth section declares that whenever such a house within or without the limits may becomes dangerous to public morals the Mayor may order the occupant of such house or room to remove therefrom within five days; prescribes how the notice of removal shall be given or served; and declares that any occupant of a house or room so notified to vacate who fails to do so within five days shall be punished as prescribed in section eight of the ordinance.

The seventh section gives the Mayor power to close such houses or room in the event the occupant fails to remove, notwithstanding the infliction of the penalty for not removing upon the notice given.

The eight section declares that any one violating the provisions of the ordinance shall be punished by the recorder having jurisdiction by fine not exceeding $5.00, or ten days imprisonment in default of payment, for the first offense; and by fine not exceeding $10.00, or twenty days imprisonment in default of payment, for the second offense, etc.

The ninth section declares each day any person continues to violate the provisions of the ordinance shall constitute a separate offense.

What one or more of the many different acts and things, this ordinance describes and prohibits, the defendant was accused of violating does not appear.

The affidavit made charges her in general terms only with violating the ordinance.

When the case was called for trial it was defendant's right to require the prosecution to specify what particular provision or provisions of the ordinance she was accused of violating.

She did not do this, but, instead, filed a plea setting up the unconstitutionality and illegality of the ordinance and charging it to be unreasonable, oppressive, etc.

On the issue thus made, trial was had, with the result that she was convicted on the general charge of violating the ordinance, and this appeal followed.

This tribunal has not the jurisdiction to go into the evidence adduced and to determine the facts of the case—whether from the testimony the accused is guilty or not.

Undoubtedly, many of the provisions of the ordinance attacked are constitutionally and legally valid, and since to that alone is our inquiry limited, and since we know not what one or more of its provisions she stands convicted of having violated, we must needs sustain the conviction and dismiss the appeal.

We would say, however, it may well be that some one or more of the provisions of the ordinance might not stand the test of legality applied to same, especially in the manner of the enforcement thereof.

For instance, had it appeared from the record of this case that the Mayor had by *ex parte* order adjudged this woman's house to be a house of ill-fame, and so judging had given her notice to vacate within five days, and she had failed to so vacate, and had then been proceeded against *solely for not vacating,* and had been convicted and fined on this charge, she might well be entitled to relief on appeal here.

The notice to vacate given by the Mayor, if a house be in use for immoral purposes, is well enough, but the occupant of the house is entitled to raise and have tried the issue of the immoral use of the premises or character of the house before conviction for not moving can legally be made. And when this issue is raised, it is incumbent on the prosecution to show the character of the house to be such as justifies the notice to vacate and warranting the conviction demanded for not vacating.

For the reasons herein given and those assigned in the opinion this day handed down in the cause No. 13,618 on the docket of this court, bearing the same title and between the same parties on a similar charge against this defendant, it is ordered that the appeal herein be dismissed at the cost of the appellant.